ANÍBAL FELICIANO IRIGOYEN and ZENAIDA PASCUAL MARTÍNEZ, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, JUDGE, Respondent.

No. O-70-27.    Decided December 22, 1970.

*José Hamid Rivera* and *Frances Díaz Medina* for petitioners.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Petitioner Aníbal Feliciano Irigoyen, represented by attorneys of the Puerto Rico Legal Services Corporation, filed in the Superior Court, Ponce Part, a dominion title proceeding concerning a lot situated in the town of Guayanilla, valued at $2,308.

Said court entered an order refusing to hear the case on the merits as it understood that petitioner is able to pay for the services of a private attorney and because if it is permitted that the lawyers of the Legal Services Corporation represent him it would be permitting an unfair competition with attorneys in the private practice of the profession.

Feeling aggrieved by said order petitioners appealed to this Court alleging that it is not correct because the same constitutes an undue interference with the functions of the Puerto Rico Legal Services Corporation; because the respondent court is not the competent forum to raise and elucidate the alleged unfair competition and because appellant has been deprived of his constitutional right to have his day in court duly assisted by attorney.

The Puerto Rico Legal Services Corporation was created and operates under the Economic Opportunity Act approved in 1964 by the Congress of the United States. The primary objective of this national program is to provide legal services to poor persons, that is persons of scarce economic resources.

Originally the Economic Opportunity Act did not contain any reference to the legal services program. It was by an

amendment of 1966[1] when economic assistance to the legal service programs was specifically authorized. In said amendment the establishment of procedures by which the local bar associations in the community where the program was going to be introduced would have the opportunity to revise the proposed project and submit their comments and recommendations before it was established and once established to submit their recommendations on its operation, was specifically required.

In accordance with said Act the Office of Economic Opportunity has established administrative guidelines to direct the applicability of the program. The standards as to clients eligibility have been set forth in the following manner:

"Eligible Clients

"A proposal must describe the standard by which the eligibility of clients will be determined. The legal services program, like all other OEO efforts, directs its attention and the community's resources to the needs of those afflicted and disadvantaged by poverty. OEO will not provide funds for programs to provide free legal assistance for individuals or organizations who can afford to employ private counsel. The standard should not be so high that it includes clients who can pay the fee of an attorney without jeopardizing their ability to have decent food, clothing and shelter. This is a program of legal assistance for the poverty-stricken.

"The eligibility criteria should include such factors as income, dependents, assets and liabilities, cost of a decent living in the community, and an estimate of the cost of the legal services needed.

"No standard should be inflexible. Allowance should be made for the provision of assistance in cases of unusual hardship which may be caused, for instance, by lengthy periods of unemployment or illness. To avoid abuse, such discretion should be vested only in supervisory personnel and should be subject to review by the policy-making board.

"Programs should not provide free legal advice in fee-generating cases, such as contingent fee cases or other cases in

---

[1] 42 U.S.C.A. § 2809.

which a fee provided by statute or administrative rule is sufficient to retain an attorney. The test should be whether the client can obtain representation. When a case generates a fee sufficient to employ competent private counsel, the client should be referred under an appropriate lawyer referral system. If the fee is not sufficient to attract a private lawyer, the client may be eligible for the assistance of the OEO-funded program." (Poverty Law Reporter, page 7702, § 6700.35.)

Following the Office of Economic Opportunity's underlying guidelines and after a process of consultation and discussion the Standards for Acceptance and Prosecution of Cases which were finally approved by the Board of Directors of the Puerto Rico Legal Services Corporation, were drafted. To determine the eligibility of clients the following standards were established:

"Section 7. The following economic criteria will have general applicability to every applicant interested in the service.

"(a) Persons with annual income not in excess of $600.

"(b) Families composed by two or more persons with annual income not in excess of $600 for the first member and $200 for each dependent.

"(c) Also the following general factors in the indicated measure and scope will be taken into consideration:

"1) The prolonged disease or illness of any member of the family group and the debts incurred to satisfy any basic necessity of the applicant or the family group, as well as any other circumstance foreign to the applicant which has significant effect as to his economic capacity.

"2) Any other economic resource, besides his earnings, which applicant has available. Cases of applicants with greater income than those computed in subsections (a) and (b) may be accepted provided they do not exceed said amounts in more than 50% if after the existing resources in the community to eliminate or minimize the effects of the problem which affects the applicant have been exhausted, the consideration of the factors enumerated in this section so justifies it."[2]

---

[2] Standards for Acceptance and Prosecution of Cases.

As it may be seen the guidelines as to the qualification to receive legal aid approved by the central office as well as by the Puerto Rico corporation are not inflexible. Neither the economic income of the client nor the amount of his property are by themselves controlling factors for the eligibility of the client. Other factors are also taken into consideration such as when the payment of a private attorney's fees would imply the selling or mortgaging of the only real property he owns, or deprives him or his family of life's peremptory needs.

The evaluation of the client's qualifications to receive the legal services of the Puerto Rico Legal Services Corporation, concerns exclusively said corporation. If the latter deviates from its own standards in the selection of clients the problem may be raised before the Office of Economic Opportunity or perhaps before the Bar Association of Puerto Rico for the pertinent purpose, but such deviation from the mentioned standards does not authorize a magistrate to refuse to take cognizance of the case. For the purpose of the court it suffices that the client be represented, with his consent, by an attorney admitted to practice the profession in Puerto Rico.

For the foregoing reasons the order entered on January 27, 1970, by the Ponce Part of the Superior Court of Puerto Rico will be reversed, and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.